# CHARLESTON.

Fox *v*. City of Hinton.

Submitted March 1, 1911.    Decided April 16, 1912.

Appeal and Error—*Dismissal—Grounds.*

> A final judgment of a circuit court dismissing a declaration on demurrer over the express exception of plaintiff, brought here for review on writ of error, can not by affidavits be shown to be a judgment by consent so as to effect a dismissal of the writ of error.

Error to Circuit Court, Summers County.

Action by J. A. Fox against the City of Hinton. Judgment for defendant, and plaintiff brings error.

*Reversed and Remanded.*

*R. F. Dunlap,* for plaintiff in error.

*T. N. Read,* for defendant in error.

Robinson, Judge:

The writ of error relates to a judgment sustaining a demurrer to the declaration in an action for damages to plaintiff's property by a change of street grade made by defendant city.

Concededly, the declaration is good. The question of its sufficiency is not contested. But, on a motion to dismiss the writ of error, defendant undertakes to show by affidavits that the judgment was entered by consent. It is claimed that a compromise of the litigation was agreed to by the attorneys, and the order dismissing the declaration on demurrer was entered for that reason. It seems that the city did not ratify the act of its attorney in regard to the proposed settlement, and that plaintiff, therefore, proposes to go on with his action by reversing the erroneous judgment entered on demurrer to the declaration.

Subsequent to the award of the writ of error the attorneys for the city moved the circuit court to set aside the order appealed from, and the circuit court entered an order purporting to set aside that order and to re-instate the case in that court. Of course at that time the order undertaken to be set aside had

become final by the expiration of the term at which it was entered. The court had no power to change it.

We must overrule the motion to dismiss the writ of error. The record on which that writ was awarded sustains the writ. We can not change the record of the judgment by reading the affidavits. The judgment is a verity. It can not be shown by affidavit to be other than what it purports to be. It shows itself to be a final judgment on demurrer, entered over the express exception of the plaintiff. It is anything but a judgment by consent. The judgment can not be impeached and its character changed by affidavit. If it was a consent order the circuit court should not have given it another character when that court entered it. The court speaks by its record, not by affidavits in the country.

Since the declaration is sufficient, the judgment sustaining the demurrer and dismissing the action must be reversed, the demurrer overruled, and the case remanded to be further proceded in.

*Reversed and Remanded.*